IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | MC 123—21 |
| GOOD EARTH PRODUCE & GARDEN CENTER, LLC, | ) ) ) | |
| Respondent. | ) | |

**ANSWER TO APPLICATION FOR ENFORCEMENT OF ADMINISTRATIVE SUBPOENA TO**

COMES NOW, the defendant, by and through the undersigned counsel, and hereby answers the plaintiff's application to enforce an administrative subpoena pursuant to the court's order of August 28, 2023 and states the following:

BACKGROUND RELEVANT TO THE SUBPOENA AT ISSUE

1. The respondent is a produce and plant retail market located in Richmond County, State of Georgia.

2. Until roughly mid 2021, respondent had only 1 manager, the owner, Mr. Rick Catts.

3. In mid 2021, respondent hired a manager, but she has been on maternity leave in the recent past.

4. Respondent has never had an "HR" department, nor has respondent ever had an "HR" manager.

5. Respondent could most accurately be described as a "mom and pop" operation.

6. Respondent formerly employed one Megan Galvin from February/March of 2021-August of 2021.

7. After quitting her job at respondent, she made allegations against the management of respondent, claiming it engaged in sexual harassment against her.

8. These allegations were posted on social media.

9. The social media posts caused a negative impact on Respondent's business.

10. Respondent filed suit against Ms. Galvin and others in the Superior Court of Richmond County, Case No.: 2021RCCV00596,

11. After the court issued an injunction against the defendants ordering them to stop defaming Respondent and to remove said posts, the case was dismissed.

12. After that case, Ms. Galvin decided to submit an EEOC claim against Respondent, making the same allegations she had on her social media posts.

13. After Ms. Galvin made her EEOC claim, Ms. Chassidy Lusby, a former employee of Respondent, who was employed during the same time as Ms. Galvin, also made an EEOC claim against Respondent.

14. The basis of Ms. Lusby's allegations is that she was not actually harassed by Respondent, but rather she witnessed the alleged harassment Ms. Galvin claims she experienced, and that the witnessing of harassment entitles her to make a claim.

15. The subpoena at issue in this matter was one issued for the claim of Ms. Lusby, again, an individual who states she was not harassed, but alleges she witnessed harassment.

## ARGUMENT

I. Respondent has complied with the subpoena

16. Respondent has sent all responsive document it has to the EEOC through its attorney.

17. There has been some confusion regarding the subpoena because there are 2 claims pending against Respondent for the same alleged activity. Respondent has fully complied with the claim of Ms. Galvin as well.

II. The EEOC already has the information relevant to Ms. Lusby's claim.

18. As stated earlier, before Ms. Lusby made a claim, Ms. Galvin made a claim. The documents relevant to Ms. Lusby's claim are identical to those of Ms. Galvin.

19. The EEOC has already received the documents for Ms. Galvin.

III. The EEOC seeks to go further than the subpoena power authorizes.

20. The EEOC has the power to issue subpoenas.

21. It does not have the power to force the respondent to create documents for it.

22. Through conversations with the EEOCs counsel, it is clear that the EEOC is wanting the respondent to literally "make up" documents to produce pursuant to its subpoena.

23. An example of this is item number 10 in the subpoena, which requests, "List of all employees employed during either 2020 or 2021 including their name, gender, job title, dates of employment, telephone number, cellular number, address, and email address."

24. No such list exists and respondent has informed EEOC that no such list exists.

25. The names of the individuals can be gleamed form the tax documents provided, but the EEOC's position is that Respondent is supposed to create documents for the EEOC with said information.

26. This is an inappropriate use of the subpoena power.

## CONCLUSION

For the reasons above, the petitioner's application should be denied.

Respectfully submitted this 25th day of September, 2023

                                                /s/ Joseph T. Rhodes
                                                Joseph T. Rhodes
                                                Ga. Bar No.: 309847
                                                Attorney for Respondent

3540 Wheeler Rd, Ste. 402
Augusta, GA 30909
joe@jrhodeslawfirm.com
706-496-1616

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this day served a true and accurate copy of the foregoing answer upon the counsel for the opposing party via the efile and serve system known as ECF.

Respectfully submitted this 25th day of September, 2023

                                                /s/ Joseph T. Rhodes
                                                Joseph T. Rhodes
                                                Ga. Bar No.: 309847
                                                Attorney for Respondent

3540 Wheeler Rd, Ste. 402
Augusta, GA 30909
joe@jrhodeslawfirm.com
706-496-1616